# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-427-RJC-DCK

| | |
|---|---|
| **TUPO HELU LATU (LAYTON) and NURSING LIVE IN HOME HEALTH, INC.** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| **NORTH CAROLINA MEDICAID/DMA, CRAIGAN GRAY, NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, LANIER M. CANSLER, NC DEPARTMENT OF LABOR, CHERIE KILLIAN BERRY, NC DEPARTMENT OF REVENUE, DAVID HOYLE, NC EMPLOYMENT SECURITY COMMISSION, and LYNN R. HOLMES** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the following documents:

1. Defendants North Carolina Department of Revenue ("NCDOR") and Secretary of Revenue David Hoyle's ("Secretary Hoyle") Motions to Dismiss And To Strike, (Doc. No. 7);

2. Defendants North Carolina Department of Labor ("NCDOL") and Labor Commissioner Cherie Killian Berry's ("Commissioner Berry") Motion to Dismiss, (Doc. No. 8);

3. Department of Health And Human Services ("HHS"), Lanier M. Cansler ("Cansler"), the Division of Medical Assistance ("DMA"), and Craigan Gray's ("Gray") Motion To Dismiss, (Doc. No. 13);

4. The Magistrate Judge's Memorandum and Recommendation ("M&R"), recommending that this Court **GRANT** the Motions to Dismiss, (Doc. No. 16); and

5. Plaintiffs' Objections to the M&R, (Doc. No. 17).

I.  **BACKGROUND**

Pro Se Plaintiffs Tupo Helu Latu and Nursing Live In Home Health, Inc. (together "Plaintiffs") filed their Complaint, (Doc. No. 1), in this action on September 2, 2011. Plaintiffs' Complaint seeks nine million dollars ($9,000,000) in damages, along with declaratory and injunctive relief. (Doc. No. 1 at 1; 2). Plaintiffs allege a variety of claims against Defendants, including: (1) various violations of the United States Constitution; (2) civil rights violations; (3) violations of the Americans with Disabilities Act ("ADA"); (4) violations of the North Carolina Constitution; and (5) obstruction of justice. (Doc. No. 1).

Defendants North Carolina Department of Revenue and Secretary of Revenue David Hoyle filed a Motion to Dismiss and Strike, (Doc. No. 7), on September 28, 2011. On October 5, 2011, Defendants North Carolina Department of Labor and Commissioner Cherie Killian Berry filed a Motion to Dismiss, (Doc. No. 8). Defendants Department of Health and Human Services, Lanier M. Cansler, the Division of Medical Assistance, and Craigan Gray filed a Motion to Dismiss, (Doc. No. 13), on October 27, 2011.

On December 16, 2011, the Magistrate Judge issued an M&R, (Doc. No. 16), recommending that the Motions to Dismiss, (Doc. Nos. 7; 8; 13), be **GRANTED** due to lack of subject matter jurisdiction. Plaintiffs filed an Objection to the M&R ("Objection"), (Doc. No. 17), on January 3, 2012.

II. **STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo

determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate Judge's M&R.

## III. ANALYSIS

### A. Subject matter jurisdiction under the Eleventh Amendment

Plaintiffs object to the Magistrate Judge's finding that Defendants NCDOR, NCDOL, HHS, and DMA are alter egos of the state, and therefore, the Court lacks subject matter jurisdiction. Plaintiffs further object to the Magistrate Judge's finding that Defendants Secretary Hoyle, Cansler, Commissioner Berry, and Gray were named as Defendants in their official capacities and that the claims against them are also barred. Plaintiffs state that "only judges and States are Immune to the 11th amendment. Everyone in America and in the State of North Carolina are all equal in the eyes of the Laws and in eyes of the beholder." (Doc. No. 17 at 2). Plaintiffs cite no authority supporting their claim that only judges and states are immune to lawsuits by individual citizens. Contrary to Plaintiffs' assertion, the Supreme Court has held that the Eleventh Amendment applies not only when states are named as defendants but also when agents of the state or its instrumentalities are named in their official capacity. Regents of the Univ. Of Cal. v. Doe, 519 U.S. 425, 419 (1997). The Court finds that Defendants are protected

3

from being sued under the Eleventh Amendment.

      B.      Federal jurisdiction under 42 U.S.C. § 1983

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs failed to establish the elements required to create liability under 42 U.S.C. § 1983. Plaintiffs state that Defendants are individuals and "are working for the State of North Carolina and are liable and responsible for their managers, supervisors and contractor [and] according to the US Constitution Section 1983 they can be sued in the Federal Court." (Doc. No. 17 at 10). Courts have held that to establish personal liability under Section 1983, "the plaintiff must show that the official, acting under color of state law, caused the deprivations of a federal right." Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Furthermore, for a state employee to be liable under Section 1983, it must be affirmatively shown that the charged official "acted personally in the deprivation of plaintiffs' rights." Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). In both Plaintiffs' Complaint and Objection, Plaintiffs fail to state what federal rights are being deprived or what Defendants have done to deprive Plaintiffs of their federal rights. The Court, therefore, finds that Plaintiffs have failed to establish the elements necessary to support a claim under 42 U.S.C. § 1983.

      C.      Injunctive relief exception to the Eleventh Amendment

Plaintiffs object to the Magistrate Judge's finding that the relief requested by Plaintiffs does not fall under an exception to Eleventh Amendment immunity. In their Objection, Plaintiffs cite the injunction exception, which "permits citizens of any states to seek an Injunction against state officials in federal courts to end a continuing violation of federal law." (Doc. No. 17 at 12) (citing Green v. Mansour, 474 U.S. 64, 426 (1985)). Plaintiffs further state that "such a lawsuit would be barred by the Eleventh Amendment if the remedy sought were not

4

injunctive relief but money damages to be paid out of the state's treasury." (Doc. No. 17 at 12). The Court finds that the injunctive relief exception is inapplicable here, because Plaintiffs' allegations do not state an ongoing violation as required by Green. Thus, the Court agrees with the Magistrate Judge's finding that Plaintiffs' request for relief does not fall under an exception to the Eleventh Amendment.

### D. Qualified immunity

The Magistrate Judge found that Defendants, as entities and agents of North Carolina, "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (Doc. No. 16 at 9) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Plaintiffs do not object to the findings set forth in the M&R and the Court finds no clear error.

### E. Federal claims under the ADA

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs failed to provide sufficient support to establish a claim under the ADA. Plaintiffs' Objection recites the history of the ADA and makes broad allegations against Defendants. (Doc. No. 17 at 16-20). Plaintiffs state that "The Plaintiffs' Clients [are] citizen[s] of America residing in North Carolina. They have suffered damages along with Plaintiffs and the Employees or Contractors because of the continue[d] violation of the US and NC State Constitution Laws done by the Defendants and their employees and contractors." (Id. at 16). In Plaintiffs' Complaint, Plaintiffs' only specific allegation appears to be that Plaintiffs' clients were denied "coverage of personal care and services" by Defendants. (Doc. No. 1 at 2). Generally, a plaintiff seeking recovery under the ADA "must allege that: (1) he has a disability; (2) he is otherwise qualified to receive benefits of a public service, program, or activity; and (3) he was 'excluded from participation in or denied

5

the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of his disability.'" (Doc. No. 16 at 11) (citing Spencer v. Earley, 278 F. App'x 254, 261 (4th Cir. 2008)). The Court finds Plaintiffs have failed to adequately allege any of the elements required to establish an ADA claim.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants North Carolina Department of Revenue and Secretary of Revenue David Hoyle's Motions to Dismiss and To Strike, (Doc. No. 7), are **GRANTED**;

2. Defendants North Carolina Department of Labor and Labor Commissioner Cherie Killian Berry's Motion to Dismiss, (Doc. No. 8), is **GRANTED**; and

3. Department Of Health And Human Services, Lanier M. Cansler, the Division of Medical Assistance, and Craigan Gray's Motion To Dismiss, (Doc. No. 13), is **GRANTED**.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge